# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

YOUNGFIELD PLAZA, LLC,

      Plaintiff,

v.

MASSACHUSETTS BAY INSURANCE COMPANY,

      Defendant.

_____

## COMPLAINT AND JURY DEMAND
_____

**COMES NOW** Plaintiff, YOUNGFIELD PLAZA, LLC, by and through its undersigned counsel, and hereby submits this, its Complaint against Defendant, MASSACHUSETTS BAY INSURANCE COMPANY, and in support of its Complaint, alleges and avers as follows:

## **PARTIES**

1.     Plaintiff, Youngfield Plaza, LLC ("Plaintiff" or "Youngfield Plaza") is a Colorado limited liability company with its principal office in Wheat Ridge, Colorado.

2.     Youngfield Plaza has two members, Lee R. Kunz, II and K.C. Trust II, both domiciled in Colorado.  KC Trust II's two trustees are Lee R. Kunz, II and Kandace L. Barber. Kandace L. Barber is domiciled in Utah. To the extent deemed relevant by the Court, all of the current and remainder beneficiaries of KC Trust II are domiciled in the states of California, Colorado, Hawaii, Utah, and Virginia.

3.      Upon information and belief, Defendant, Massachusetts Bay Insurance Company ("Massachusetts Bay"), is an insurance company incorporated and domiciled in the state of New Hampshire and maintains its principal place of business in the state of Massachusetts.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction and venue is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441. There is complete diversity among the parties and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. The property that is the subject of the claims and the adjustment of the claims occurred in Colorado.

## FACTS COMMON TO ALL COUNTS

5.      Youngfield Plaza is the owner of property that is comprised of two locations (collectively the "Property"):

- 3900-3974 Youngfield Street, Wheat Ridge, Colorado, 80033 ("Location One")
- 4010-4096 Youngfield Street, Wheat Ridge, Colorado, 80033 ("Location Two")

6.      The Property is covered with a metal roofing system.

7.      Youngfield Plaza purchased a Commercial Property Coverage Policy of insurance from Massachusetts Bay under Policy Number ZD4-D13167600 (the "Policy"). A true and accurate copy of the Policy is attached hereto as **Exhibit "A."**

8.      The Policy is an all risk policy of insurance.

9.      The Policy is a replacement cost value policy and covers loss to the Property.

10.     The Policy provides coverage for direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

11.     The Policy includes Building Ordinance of Law coverage for Youngfield Plaza's Property.

12.     The Policy provides for the repair, rebuild or replacement of damaged materials with other materials of like kind and quality.

13.     The Policy includes a Cosmetic Exclusion, which provides:

> We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

14.     The Cosmetic Exclusion described above only applies to the roofing system covering the Property.

15.     Under the Policy, Massachusetts Bay is obligated to pay for direct physical loss and damage to the insured Property resulting from hail and wind.

16.     Under the Policy, Massachusetts Bay agreed to adjust all losses fairly and timely.

17.     Youngfield Plaza paid the premiums due under the Policy in a timely manner.

18.     Youngfield Plaza performed all duties and responsibilities required of it under the Policy.

19.     On or about May 8, 2017, during the Policy period, the Property suffered direct physical loss and/or damage resulting from hail and/or wind.

20.     The direct physical loss and/or damage resulting from the hail and/or wind constituted a covered loss under the Policy.

21.     The direct physical loss and/or damage resulting from the hail and/or wind resulted in functional damage to the Property.

22.     The direct physical loss and/or damage resulting from the hail and/or wind prevented the roofing system covering the Property from continuing to function as a barrier to entrance of the elements to the same extent as it did before the hail damage occurred.

23.     The direct physical loss and/or damage resulting from the hail and/or wind has diminished the long-term service life of the metal roofing system covering the Property.

24.     The direct physical loss and/or damage resulting from the hail and/or wind was timely reported to Massachusetts Bay.

25.     Massachusetts Bay retained an independent adjusting firm, Interstate Restoration ("Interstate"), to investigate and adjust the direct physical loss and/or damage to the Property resulting from hail and/or wind that occurred on or about May 8, 2017.

26.     On or about May 24, 2017, Youngfield Plaza retained C3 Group, Inc. ("C3 Group"), a Colorado state licensed public adjusting firm, to assist in the adjustment of the claims for direct physical loss and damage to the Property resulting from the hail and/or wind storm occurring on or about May 8, 2017.

27.     On or about July 7, 2017, Youngfield Plaza's representative, C3 Group, provided Massachusetts Bay with a comprehensive damage estimate outlining $2,478,654.04 in replacement cost value covered damages to the Property ("Youngfield Plaza's Damage Estimate"). A copy of Youngfield Plaza's Damage Estimate is attached hereto as **Exhibit "B."**

28.     Youngfield Plaza's Damage Estimate not only provided a line-by-line breakdown of covered damages, but it also included 70 photographs illustrating the significant direct physical loss and/or damage resulting from the hail and wind storm occurring on or about May 8, 2017.

29.     On or about July 7, 2017, Massachusetts Bay retained HAAG Engineering ("HAAG"), an outcome-oriented engineering firm, to investigate damages resulting from the hail and wind storm that occurred on or about May 8, 2017.

30.     HAAG performed site inspections of the Property on July 7, 2017 and July 14, 2017.

31.     On or about July 27, 2017, HAAG provided a copy of its inspection report to Massachusetts Bay ("HAAG Report"). A copy of the HAAG Report has been attached hereto as **Exhibit "C."**

32.     The HAAG Report noted that hailstones of 2.00" in diameter or larger were reported within three miles of the Property on May 8, 2017.

33.     The HAAG Report noted that hailstones of 1.75" in diameter potentially struck the Property on May 8, 2017.

34.     The HAAG Report concluded that the structural roofing panels covering the Property were dented by hailstones.

35.     The HAAG Report concluded that the painted interlocking seam architectural panels were dented by hail.

36.     The HAAG Report concluded that the roof vent caps were dented by hail.

37.     The HAAG Report concluded that the paint on thee block walls were chipped at all elevations.

38.     The HAAG Report concluded that nine condenser fins were dented by hail.

39.     The HAAG Report concluded that the flexible plastic conduit was fractured by hail.

40.     The HAAG Report concluded that the coping was dented by hail.

41.     The HAAG Report concluded that five steel overhead doors were dented by hail.

42.     On or about November 6, 2017, Massachusetts Bay's representative, Interstate, provided its damage estimate for Location One to Youngfield Plaza, which outlined $326,649.10 in replacement cost value covered damages ("Massachusetts Bay's Location One Damage Estimate"). A copy of Massachusetts Bay's Location One Damage Estimate is attached hereto as **Exhibit "D."**

43.     On or about November 6, 2017, Massachusetts Bay's representative, Interstate, provided its damage estimate for Location Two to Youngfield Plaza, which outlined $311,836.84 in replacement cost value covered damages ("Massachusetts Bay's Location Two Damage Estimate," with the other damages estimate, "Massachusetts

Bay's Damage Estimates"). A copy of Massachusetts Bay's Location Two Damage Estimate is attached hereto as **Exhibit "E."**

44.     Massachusetts Bay's Damage Estimates failed to provide for replacement of the functionally-damaged metal roofing systems covering the Property.

45.     Massachusetts Bay's Damage Estimates did not include damages identified by its consultant, HAAG Engineering, including the fractured flexible plastic conduit and the chipped paint on the block walls.

46.     Massachusetts Bay's Location One Damage Estimate also failed to include additional required items necessary to complete repairs resulting from the hail and wind, including temporary toilet, temporary fencing, telehandler – forklift operator, and commercial supervision for Location One.

47.     Youngfield Plaza retained J.E.I. Metallurgical, Inc. ("J.E.I. Metallurgical") to evaluate the extent of hailstone damage to the Property.

48.     J.E.I. Metallurgical harvested six hail divot samples from the roofing system of Location One of the Property, three of which were submitted for laboratory evaluation and destructive testing.

49.     J.E.I. Metallurgical harvested six hail divot samples from the roofing system of Location Two of the Property, three of which were submitted for laboratory evaluation and destructive testing.

50.     J.E.I. Metallurgical concluded the hail divot samples indicated that corrosion in all tested samples had breached the last protective barrier, referred to as the intermetallic layer.

51.     J.E.I. Metallurgical concluded the result of corrosion penetration of the intermetallic layer will be increased corrosion of the steel substrate and a dramatic reduction in the functional lifetime of the roofing systems covering the Property.

52.     J.E.I. Metallurgical concluded that substrate corrosion was found to be present and active in all samples taken from the roofing systems covering the Property.

53.     J.E.I. Metallurgical concluded the hailstone damage to the roofing system created the corrosion of the steel substrate.

54.     J.E.I. Metallurgical concluded that pitting corrosion of the steel substrate as a result of hailstone impact has rendered the roofing systems covering the Property to be functionally damaged.

55.     J.E.I. Metallurgical concluded that pitting corrosion of the steel substrate as a result of hailstone impact has reduced the lifespan of the roofing systems covering the Property.

56.     On or about December 22, 2017, Youngfield Plaza provided Massachusetts Bay with a copy of the J.E.I. Metallurgical Hail Evaluation Report. A copy of the J.E.I. Metallurgical Hail Evaluation Report is attached hereto as **Exhibit "F."**

57.     Despite receipt of J.E.I.'s comprehensive metallurgical report demonstrating functional damage to the roofing systems covering the Property resulting from the hail and/or wind storm occurring on or about May 8, 2017, Massachusetts Bay refuses to indemnify its insured for covered damages to the roofing systems of the Property.

58.     Massachusetts Bay's failure to pay the claims in full has resulted in a breach of contract.

59.     Massachusetts Bay's failure to pay the claims in full has resulted, and continues to result, in additional damages to the Property.

60.     Massachusetts Bay's failure to pay the claims in full has resulted in an unreasonable delay and denial in covered benefits without a reasonable basis.

61.     Massachusetts Bay's failure to pay the claims in full has resulted in financial hardship to Youngfield Plaza.

62.     It is apparent from Massachusetts Bay's conduct that Massachusetts Bay has adopted a plan or approach to delay, as much as possible, its handling and payment of the claims.

63.     Youngfield Plaza has fulfilled all duties required of it under the Policy after discovery of the loss.

64.     Youngfield Plaza has performed all conditions precedent and subsequent required under the Policy, or alternatively, has been excused from performance by the acts, representations, and/or conduct of Massachusetts Bay.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

65.     Youngfield Plaza realleges and reaffirms Paragraphs 1-64 as if fully set forth herein.

66.     Youngfield Plaza purchased an all risk policy requiring Massachusetts Bay to pay for any and all fortuitous damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

67.     The Policy between Youngfield Plaza and Massachusetts Bay is a binding contract.

68.     Youngfield Plaza paid the premiums and otherwise performed all conditions precedent to recovery of benefits under its Policy with Massachusetts Bay.

69.     Massachusetts Bay has denied certain covered damages and continues to delay and deny certain claimed damages.

70.     Massachusetts Bay's failure to honor its obligations under the Policy is a breach of contract.

71.     Massachusetts Bay's breach of contract has damaged, and continues to damage Youngfield Plaza.

72.     Youngfield Plaza is entitled to all benefits due and owing under the Policy.

**WHEREFORE**, Plaintiff, Youngfield Plaza, LLC, respectfully requests this Court enter judgment against, Defendant, Massachusetts Bay Insurance Company, for damages resulting from its breach of contract, including special damages resulting from the roof failing to prevent leaks into the structure, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

73.     Youngfield Plaza realleges and reaffirms Paragraphs 1-72 as if fully set forth herein.

74.     Under the Policy and Colorado law, Massachusetts Bay had a duty to act reasonably and in good faith in the handling of Youngfield Plaza's claims.

75.    Under the Policy and Colorado law, Massachusetts Bay had a duty to act with ordinary, reasonable diligence in investigating the claims submitted by Youngfield Plaza and in determining the amounts due and owing under the Policy in question, and to pay all amounts due and owing.

76.    Under the Policy and Colorado law, Massachusetts Bay owes Youngfield Plaza the duty of good faith and fair dealing.

77.    At all times material hereto, Massachusetts Bay had the non-delegable duty to investigate the claims objectively and not to look for ways to deny benefits or attempt not to pay the full amount owed.

78.    At all times materials hereto, Massachusetts Bay owed Youngfield Plaza the duty to give equal consideration to the financial interests of its insured and not to give greater consideration to its own financial interests while investigating and adjusting its insured's claims.

79.    At all times material hereto, Massachusetts Bay had an obligation to conduct a thorough, fair, unbiased, and timely investigation of the claims presented to it, and then properly evaluate and timely pay those claims.

80.    Massachusetts Bay sold Youngfield Plaza the Policy at issue, the intent of which was to provide benefits for covered losses that occurred during the Policy period.

81.    Massachusetts Bay knew that the Policy was purchased to protect the Property in the event of a loss.

82.    Youngfield Plaza has cooperated with Massachusetts Bay in the processing of the claims for covered benefits resulting from the hail and/or wind storm occurring on or about May 8, 2017.

83.    Youngfield Plaza has cooperated with Massachusetts Bay in the investigation of the claims for covered benefits resulting from the hail and/or wind storm occurring on or about May 8, 2017.

84.    Youngfield Plaza has not erected any obstacles to Massachusetts Bay's ability to evaluate Youngfield Plaza's claims for covered benefits resulting from the hail and/or wind storm occurring on or about May 8, 2017.

85.    Massachusetts Bay disregarded the validity of Youngfield Plaza's claims for direct physical loss and damage resulting from the hail and/or wind storm occurring on or about May 8, 2017.

86.    Massachusetts Bay failed to treat Youngfield Plaza's interests with equal regard to its own.

87.    Massachusetts Bay mischaracterized the evidence to the benefit of itself.

88.    Massachusetts Bay failed to be open and honest in its dealings with Youngfield Plaza.

89.    Massachusetts Bay failed to conduct a full, fair, and prompt investigation of the claims.

90.    Massachusetts Bay underpaid Youngfield Plaza's claims without conducting a thorough investigation in an attempt to effectuate a deceptively low settlement.

91.     Massachusetts Bay underpaid Youngfield Plaza's claims by failing to objectively evaluate Youngfield Plaza's claims based on all available evidence, and not just evidence that Massachusetts Bay believes supports its position.

92.     Massachusetts Bay decision to underpay the benefits owed to Youngfield Plaza was intentional and not accidental.

93.     Massachusetts Bay knew that its denial to pay the benefits owed under the Policy would cause Youngfield Plaza financial hardship.

94.     Massachusetts Bay failed to assist Youngfield Plaza with the presentation of its claims.

95.     Massachusetts Bay breached its duty of good faith and fair dealing by failing to conduct a proper investigation of the loss.

96.     Massachusetts Bay breached its duty of good faith and fair dealing by conducting an outcome oriented investigation of Youngfield Plaza's loss.

97.     Massachusetts Bay breached its duty of good faith and fair dealing by underpaying Youngfield Plaza's claims without having documented a reasonable investigation based upon all information.

98.     Massachusetts Bay breached its duty of good faith and fair dealing by failing to pay for all direct physical loss and/or damaged resulting from the hail and/or wind storm occurring on May 8, 2017.

99.     Massachusetts Bay failed to conduct a thorough and timely investigation of Youngfield Plaza's claims in accordance with insurance industry claims handling standards and practices.

100.   Among other circumstances, Massachusetts Bay has committed unfair settlement practices including, without limitation:

(a)   Massachusetts Bay has failed to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies;

(b)   Massachusetts Bay has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(c)   Massachusetts Bay refuses to pay claims without conducting a reasonable investigation based upon all available information;

(d)   Massachusetts Bay has failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

(e)   Massachusetts Bay has compelled Youngfield Plaza to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions by such insureds;

(f)   Massachusetts Bay has failed to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

(g)   Massachusetts Bay has misrepresented terms and conditions of the Policy in an attempt to influence its Insured to settlement for less than all benefits reasonably afforded under the Policy for the subject loss and damage; and

(h)   Massachusetts Bay encourages its claims representatives to engage in unfair claims settlement practices against its Insured, thereby violating applicable laws and regulations of the State of Colorado.

101.   Massachusetts Bay's claims representatives received incentive-based compensation to close quickly or reduce claim payments.

102.   Massachusetts Bay's representatives received income-based compensation to reduce claims payments made to Youngfield Plaza on its claims for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

103.   Massachusetts Bay improperly denied Youngfield Plaza's claims by providing financial incentives to its personnel to determine claims handling.

104.   Massachusetts Bay improperly set various claims handling goals to reduce the amount paid on its claims.

105.   Massachusetts Bay improperly denied Youngfield Plaza's claims to reduce its overall claims payments.

106.  Massachusetts Bay improperly denied Youngfield Plaza's claims to increase its profits.

107.  Massachusetts Bay improperly denied Youngfield Plaza's claims to maintain its loss ratio.

108.   Massachusetts Bay improperly denied Youngfield Plaza's claims to meet its department goals.

109.   Massachusetts Bay's conduct demonstrates that it was repeatedly aimed at benefiting itself to the detriment of Youngfield Plaza.

110.  Massachusetts Bay improperly denied Youngfield Plaza's claims by motivating its claims department to pay less on claims than are otherwise owed.

111.   Massachusetts Bay improperly denied Youngfield Plaza's claims to reduce the average amount paid on its overall claims.

112.  Massachusetts Bay has committed unfair claims settlement practices as alleged in the preceding paragraphs of Youngfield Plaza's Complaint.

113.  Massachusetts Bay's conduct constitutes a bad faith breach of the insurance contract.

114.    Massachusetts Bay has committed such actions with such frequency as to indicate a general business practice.

115.    As a direct and proximate result of Massachusetts Bay's actions, Youngfield Plaza has:

(a)    incurred increased costs to repair, restore and/or replace the significant property damage;

(b)    suffered damages as a proximate result of the misconduct alleged; and

(c)    suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, public adjuster costs and fees, investigatory fees, and other losses.

**WHEREFORE**, Plaintiff, Youngfield Plaza, LLC, respectfully requests this Court enter judgment against Defendant, Massachusetts Bay Insurance Company, for damages resulting from bad faith breach of insurance contract, including special damages resulting from the roof failing to prevent leaks into the structure, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

### <u>THIRD CLAIM FOR RELIEF</u>
### (Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)

116.    Youngfield Plaza re-alleges and reaffirms Paragraphs 1-115 as though fully set forth herein.

117.    Under C.R.S. § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

118.   Under C.R.S. § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

119.   Youngfield Plaza is a first-party claimant within the meaning of C.R.S. § 10-3-1115(1)(b)(1).

120.   Youngfield Plaza suffered a loss covered by the Policy and submitted claims for that loss to Massachusetts Bay.

121.   The claimed loss and damage submitted was covered by the Policy and Youngfield Plaza was owed covered benefits under the Policy.

122.   Massachusetts Bay delayed payment of covered benefits without a reasonable basis for its actions.

123.   Massachusetts Bay denied payment of covered benefits without a reasonable basis for its actions.

124.   Among other circumstances, Massachusetts Bay has unreasonably delayed and denied covered benefits without a reasonable basis for doing so as alleged in the preceding paragraphs of Youngfield Plaza's Complaint.

125.   Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by failing to properly investigate its insured's loss.

126.   Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by failing to timely investigate its insured's loss.

127.    Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by issuing a first damage estimate without having documented a reasonable investigation based upon all information.

128.    Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by unnecessarily prolonging its investigation of Youngfield Plaza's claims.

129.    Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by providing Youngfield Plaza with an inadequate settlement offer.

130.    Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by omitting obvious covered damages in an effort to effectuate a deceptively low settlement.

131.    Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by retaining an outcome oriented engineering firm.

132.    Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by failing to provide for all covered direct physical loss and damage identified by its retained engineer.

133.    Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by ignoring evidence of functional damage to the roofing systems covering the Property.

134.    Despite clear evidence of covered damages to the Property, Massachusetts Bay continued to delay and deny indemnification of its own insured without a reasonable basis for doing so.

135.    Massachusetts Bay's actions in the adjustment of Youngfield Plaza's claims demonstrate an unmistakable complete delay of its Insured's benefits without a reasonable basis for its actions.

136.    Massachusetts Bay unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by forcing Youngfield Plaza to retain its own professionals to help properly adjust the loss to the Property.

137.    Despite receipt of Youngfield Plaza's comprehensive estimate, Massachusetts Bay denied and delayed payment of covered benefits without a reasonable basis for doing so.

138.    Massachusetts Bay unreasonably delayed and denied Youngfield Plaza's claims to reduce its overall claims payments.

139.    Massachusetts Bay unreasonably delayed and denied Youngfield Plaza's claims to increase its profits.

140.    Massachusetts Bay unreasonably delayed and denied Youngfield Plaza's claims to maintain its loss ratio.

141.    Massachusetts Bay unreasonably delayed and denied Youngfield Plaza's claims to meet its department goals.

142.    Massachusetts Bay unreasonably delayed and denied Youngfield Plaza's claims by providing financial incentives to its personnel to determine claims handling.

143.   Massachusetts Bay unreasonably delayed and denied Youngfield Plaza's claims by motivating its claims department to pay less on claims, such as Youngfield Plaza's claims for damages, than what is otherwise owed.

144.   Massachusetts Bay unreasonably delayed and denied Youngfield Plaza's claims to reduce the average amount paid on its overall claims.

145.   Massachusetts Bay unreasonably delayed and denied Youngfield Plaza's claims by asserting coverage positions that it knew were without merit.

146.   Massachusetts Bay's actions were intended to dissuade Youngfield Plaza in pursuing benefits due and owing under the terms of the Policy in bad faith.

147.   Based upon the foregoing Paragraphs, Youngfield Plaza is therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiff, Youngfield Plaza, LLC, respectfully requests this Court enter judgment against Defendant, Massachusetts Bay Insurance Company, for double damages authorized pursuant to C.R.S. § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and other such relief as the Court deems appropriate.

## REQUEST FOR JURY TRIAL

148.    Youngfield Plaza requests trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 26th day of June, 2018

/s/ *Timothy G. Burchard, II*
**Larry E. Bache, Jr.**
**Jonathan E. Bukowski**
**Timothy G. Burchard, II**
Merlin Law Group, PA
1001 17th Street, Ste. 1150
Denver, CO 80202
Telephone: (720) 665-9680
E-mail: lbache@merlinlawgroup.com
E-mail: jbukowski@merlinlawgroup.com
E-mail: tburchard@merlinlawgroup.com


s/ *John P. Gebauer*
**John P. Gebauer**
Stinar, Zendejas & Gaithe, PLLC
121 E. Vermijo Avenue, Ste. 200
Colorado Springs, CO 80903
Telephone: (719) 635-4200
E-mail: jgebauer@coloradolawgroup.com

Attorneys for Plaintiff Youngfield Plaza, LLC